**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2477-21

VINCENT C. MAISANO, on
behalf of himself and those
similarly situated,

     Plaintiff-Appellant,

v.

LVNV FUNDING, LLC,

     Defendant-Respondent.

_____

> Argued December 19, 2023 – Decided February 16, 2024
>
> Before Judges Mayer, Enright and Paganelli.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2258-18.
>
> Philip D. Stern argued the cause for appellant (Kim Law Firm, LLC, and Scott C. Borison (Borison Law Firm) of the District of Columbia, Maryland, and California bars, admitted pro hac vice, attorneys; Yongmoon Kim, Muhammad Hasan Siddiqui, and Scott C. Borison, on the briefs).
>
> Jacquelyn Alena DiCicco (J. Robbin Law PLLC) argued the cause for respondent.

PER CURIAM

Plaintiff Vincent C. Maisano (Maisano) appeals from a March 4, 2022 order granting summary judgment to defendant LVNV Funding, LLC (LVNV), and dismissing his complaint with prejudice. We affirm.

I.

Since we previously issued an opinion in this matter, we are fully familiar with the facts and circumstances. Maisano v. LVNV Funding, LLC, No. A-1775-18 (App. Div. November 27, 2019) (slip op. at 1). We recite a brief history to provide context for our determination. Maisano entered into a credit card agreement (Agreement) with Credit One. Id. at 1. The Agreement contained an Arbitration Agreement, which "identifie[d] covered claims, including disputes related to the application, enforceability or interpretation of th[e] Agreement, . . . ." Id. at 2. Maisano used the credit card to make purchases. Ibid. He defaulted by failing to tender the required payment. Ibid. LVNV acquired the unpaid credit account through assignment. LVNV filed an action against Maisano to collect the debt and, as a result of that lawsuit, Maisano made payments to satisfy the outstanding debt. Id. at 3.

Thereafter, Maisano filed a putative class action for declaratory judgment, injunctive relief, and damages against LVNV. Ibid. In lieu of an answer, LVNV

2

filed a motion to dismiss and compel arbitration pursuant to the Agreement. Ibid. In support of its motion LVNV submitted affidavits from a Vice President of Credit One, and a records custodian employed by LVNV's corporate affiliate. Ibid. Maisano opposed the motion. The judge determined the Arbitration Agreement was valid, and granted LVNV's motion to compel arbitration. Id. at 5. We affirmed.

Maisano filed a demand and amended demand for arbitration with JAMS, and LVNV filed responses. Thereafter, LVNV moved for dismissal of the arbitration in its entirety with prejudice. The arbitrator dismissed the arbitration.[1]

LVNV filed a summary action to confirm the arbitrator's decision. Maisano filed opposition and sought to vacate the decision. A different judge confirmed the arbitrator's award.

## II.

On appeal, Maisano argues: (1) the arbitrator refused to consider evidence and engaged in undue means in making her decision and, therefore, the award should not have been confirmed; (2) the Agreement was void and unenforceable

[1] The appellate record does not contain the arbitrator's Final Award.

A-2477-21

so there was no enforceable Arbitration Agreement; and (3) the arbitrator's acquisition of an ownership interest in JAMS was improper and its disclosure was not timely or properly made.[2]

Maisano argues our prior opinion charged the arbitrator with determining the validity of LVNV's assignment. Moreover, he contends the arbitrator erred because she failed to review the series of agreements that led to LVNV's acquisition of his unpaid credit account and, instead, "relied on affidavits that claim[ed] to provide details of the agreements." Therefore, Maisano argues the arbitrator's decision should not have been confirmed because the arbitrator "engaged in undue means" and refused to "consider evidence material to the controversy," citing N.J.S.A. 2A:23B-23(a)(1)(3). We are not persuaded.

In our earlier opinion, we noted the judge explained she was "obligated to compel arbitration" because she determined "there[ wa]s a valid agreement and secondly, that the dispute fell within the scope of the agreement." Maisano, slip

---

[2] Maisano for the first time argues JAMS and the arbitrator engaged in the unauthorized practice of law and therefore the arbitrator's Final Award of dismissal is void and should not have been confirmed. We "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Neither of these situations are present and we decline to consider this issue.

4

op. at 3-4. Moreover, we observed "[t]he judge also determined the Agreement applied to Credit One and its successors and assigns, including [LVNV], based on the language in the document." Id. at 4.

In affirming the judge's decision, we explained the United States Supreme Court recently held "a court may not decide an arbitrability question that the parties have delegated to an arbitrator." Id. at 6 (citing Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. __, 139 S. Ct. 524, 530 (2019)). Noting the Arbitration Agreement clearly and expressly stated claims relating to the "application, enforceability or interpretation of th[e] Agreement, including th[e] arbitration provision" was subject to arbitration, we held the issue of arbitrability was to be determined by the arbitrator. Id. at 7.

Therefore, our prior opinion did not, as Maisano suggests, require the arbitrator to determine the validity of the assignment. The judge already determined the Agreement applied to LVNV and the Arbitration Agreement was valid. Id. at 4-5. We affirmed that decision.

Further, Maisano fails to support his argument that the arbitrator erred by relying on affidavits "that claim[ed] to provide details of the agreements," rather than reviewing the actual agreements. Indeed, Maisano cites to no law for this argument. Moreover, in our earlier opinion, we concluded the judge did not

5

abuse her discretion when considering affidavits in support of LVNV's motion to dismiss and compel arbitration because: (i) the Vice President of Credit One's affidavit was "made in the regular course of . . . business, was an authentic business record, and therefore fell within an exception to the hearsay rule," id. at 9 (citing Hahnemann Univ. Hosp. v. Dudnick, 292 N.J. Super. 11, 17-18 (App. Div. 1996)); and (ii) "the statements were based on personal knowledge," id. at 9-10 (citing N.J.R.E. 602). The Vice President certified she was a current employee of Credit One and therefore had personal knowledge of the Agreement and the records custodian of LVNV's corporate affiliate reviewed the regularly maintained business records regarding the Agreement. We find no basis to hold the arbitrator to a different standard.

Maisano further contends that LVNV was not licensed, and therefore the Agreement—including the Arbitration Agreement—between him and LVNV was void and unenforceable. He relies on the New Jersey Consumer Finance Licensing Act N.J.S.A. 17:11C-1 to -49 (Act), for the proposition that "[n]o person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under th[e] [A]ct." N.J.S.A. 17:11C-3(a). Moreover, "[a] contract of a loan . . . shall be void and the lender shall have no right to collect or receive any principal, interest or charges [if a]

consumer lender . . . violates or participates in the violation of [N.J.S.A. 17:11C-3(a)] . . . ." N.J.S.A. 17:11C-33(b).

In our earlier opinion we considered Maisano's argument that the judge erred in deeming the validity of the Agreement's assignment to LVNV was arbitrable. Maisano, No. A-1775-18 slip op. at 6. We noted, because LVNV was not licensed under the Act, at the time Credit One assigned the Agreement, Maisano claimed the Agreement was invalid and therefore the Arbitration Clause was void. Ibid.

However, we explained the first question is whether there was an arbitration agreement. Ibid. (citing Henry Schein Inc., 139 S. Ct. at 530 (citing 9 U.S.C. § 2)). Here, there is an Arbitration Agreement.

We also stated, where specified disputes are properly delegated, the disputes are within the exclusive determination of the arbitrator. Id. at 7. Additionally, we noted, the Arbitration Agreement clearly and expressly stated claims relating to the "application, enforceability or interpretation of th[e] Agreement, including th[e] arbitration provision" are subject to arbitration. Ibid. Therefore, the threshold issue of arbitrability was to be determined by the arbitrator. Ibid. Here, the arbitrator determined the dispute was subject to arbitration.

A-2477-21

Next, Maisano's argument that the arbitrator made a mistake of law is unavailing. The arbitration statute, N.J.S.A. 2A:23B-23(a), only permits a court to vacate an arbitration award on very narrow grounds. Those grounds do not include an arbitrator's alleged mistake of law. Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 357-58 (1994). In Tretina, the Court adopted the "standard set forth in the Chief Justice's opinion concurring in the judgment in" Perini Corp. v. Greate Bay Hotel Casino, Inc., 129 N.J. 479 (1992). Id. at 358. The standard is:

> arbitration awards may be vacated only for fraud, corruption, or similar wrongdoing on the part of the arbitrators. [They] can be corrected or modified only for very specifically defined mistakes as set forth in [N.J.S.A. 2A:24-9]. If the arbitrators decide a matter not even submitted to them, that matter can be excluded from the award. For those who think the parties are entitled to a greater share of justice, and that such justice exists only in the care of the court, I would hold that the parties are free to expand the scope of judicial review by providing for such expansion in their contract; that they may, for example, specifically provide that the arbitrators shall render their decision only in conformance with New Jersey law, and that such awards may be reversed either for mere errors of New Jersey law, substantial errors, or gross errors of New Jersey law and defined therein what they mean by that. I doubt if many will. And if they do, they should abandon arbitration and go directly to the law courts.
>
> [Ibid. (alterations in original) (quoting Perini Corp., 129 N.J at 548-49) (Wilentz, C.J., concurring).]

A-2477-21

Therefore, we are satisfied the issue of arbitrability was appropriately before the arbitrator and will not disturb her decision.

Finally, Maisano argues JAMS's notice of "the arbitrator's acquisition of an [ownership] interest in JAMS[,] during the course of [his] proceeding" was "untimely" and raises an issue of the arbitrator's impartiality which should not have been determined solely by JAMS. However, Maisano's bald assertion of partiality, falls far short of the "fraud, corruption, or similar wrongdoing . . ." that would be required to vacate an arbitrator's award. Tretina, 135 N.J. at 358.

To the extent we have not addressed any of Maisano's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION